IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA QUIMBEY, DECEASED, BY THE
PERSONAL REPRESENTATIVE FOR
THE WRONGFUL DEATH ESTATE,
JOHN FAURE,

    Plaintiff,

vs.                                                                                         Civ. No. 14-559 KG/KBM

COMMUNITY HEALTH SYSTEMS, INC.,
COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,
COMMUNITY HEALTH SYSTEMS HOLDINGS
CORPORATION, COMMUNITY HEALTH
INVESTMENT COMPANY, LLC, TRIAD
HEALTHCARE CORPORATION, TRIAD
HOLDINGS V, LLC, TENNYSON HOLDINGS,
LLC, LAS CRUCES MEDICAL CENTER, LLC D/B/A
MOUNTAIN VIEW REGIONAL MEDICAL CENTER,

and

ACCOUNTABLE HEALTHCARE STAFFING,
INC., ACCOUNTABLE HEALTHCARE
HOLDINGS CORPORATION, MEDASSETS
WORKFORCE SOLUTIONS, RONALD LALONDE,

and

AFFILION, LLC AND DR. JOEL MICHAEL JONES,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Leave to File First Amended Complaint and Plaintiff's Memorandum in Support of Motion for Leave to File First Amended Complaint (collectively, Motion to Amend), both filed on July 16, 2014. (Docs. 24 and 25). Plaintiffs also filed a Notice of Errata on July 17, 2014, correcting the case number.

(Doc. 27). Defendant Las Cruces Medical Center, LLC d/b/a Mountain View Regional Medical Center (Hospital) filed a response on August 29, 2014. (Doc. 46). Defendants Community Health Systems, Inc.; Community Health Investment Company, LLC; Tennyson Holdings, LLC; Triad Healthcare Corporation; and Triad Holdings V, LLC (collectively, CHS Defendants)[1] also filed a response on August 29, 2014. (Doc. 57). Plaintiff filed replies on September 12, 2014. (Docs. 59 and 60). Having considered the Motion to Amend and the accompanying briefs, the Court grants the Motion to Amend in part.

*A. Background*

This is a wrongful death lawsuit filed in state court on May 9, 2014. (Doc. 1-1). Plaintiff, a New Mexico citizen, brings New Mexico Wrongful Death Act claims, negligence claims, intentional misrepresentation claims, and claims for punitive damages. Plaintiff is suing the Hospital, a registered nurse, a physician, and various business entities associated with the Hospital, including the CHS Defendants.

On June 17, 2014, Defendants removed the case from state court on the basis of diversity jurisdiction. (Doc. 1). On July 16, 2014, Plaintiff filed the Motion to Amend seeking to (1) terminate Community Health Systems Holding Corporation as a Defendant, and (2) add Denten Park, the Chief Executive Officer (CEO) of the Hospital, as a non-diverse Defendant. The Responding Defendants do not oppose terminating Community Health Systems Holding Corporation as a Defendant. The Responding Defendants, however, oppose adding Park as a Defendant because his presence will destroy diversity and result in the Court remanding the case to state court. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional

---

[1] The Court will refer to both the Hospital and CHS Defendants as Responding Defendants.

defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

On June 24, 2014, the CHS Defendants also filed motions to dismiss for lack of personal jurisdiction. (Docs. 13, 14, 15, 16, and 17). Those motions are pending.

B. Discussion

    *1. Which Motions to Decide First*

The CHS Defendants contend that the Court should rule on the pending motions to dismiss for lack of personal jurisdiction before ruling on this Motion to Amend. When faced with a motion to dismiss for lack of jurisdiction and a motion to remand (or, in this case, a motion to amend which could result in a remand), courts have held that "the district court has the discretion to decide which to take up first." *Zufelt v. Isuzu Motors Am., LCC*, 727 F.Supp.2d 1117, 1125 (D.N.M. 2009). "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry." *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F.Supp. 2d 891, 898 (N.D. Iowa 2000). For instance, a court could decide to address "a straightforward personal jurisdiction issue presenting no complex question of state law" before deciding a subject matter jurisdiction issue which "raises a difficult and novel question." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999).

In this case, the Court exercises its discretion to rule on the Motion to Amend first, because that Motion does not contain particularly difficult issues. In contrast, the motions to dismiss for lack of personal jurisdiction are voluminous and fact intensive.

*2. What Standard to Use*

The Hospital analyzes the issue of whether to add Park as a Defendant under a fraudulent joinder standard while the CHS Defendants use a Fed. R. Civ. P. 15(a) motion to amend standard. The Fifth Circuit has held that "[t]he fraudulent joinder doctrine does not apply to joinders that occur *after* an action is removed." *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999). Rather, fraudulent joinder allows a court to ignore "only those non-diverse parties on the record in state court at the time of removal." *Id.* *See also Hogan v. Raymond Corp.*, 536 Fed. Appx. 207, 210-11 (3d Cir. 2013) ("We have stated numerous times that, in applying the fraudulent joinder doctrine, 'the district court must focus on the plaintiff's complaint at the time the petition for removal was filed'"); *McDaniel v. Loya*, 2015 WL 1323506, at *1 (D.N.M.) (because plaintiff added claim after removal, fraudulent joinder standard did not apply and "normal rule 15(a)(2) futility standard" applied); *Brewer v. United Parcel Serv., Inc.*, 2005 WL 3277774, at *4 (W.D. Okla.) ("[T]o the extent UPS endeavors to proffer a fraudulent joinder argument, that doctrine cannot be applied to parties added post-removal.") (citing *Cobb*, 186 F.3d at 677-78)). The Court will, therefore, apply a Rule 15(a) motion to amend standard to decide whether to add Park as a Defendant.

*3. Rule 15(a)*

    *a. Adding Park as a Defendant*

The Tenth Circuit has set forth the Rule 15(a) motion to amend standard as follows:

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay. Furthermore, "[w]here the party seeking amendment knows or should have known of the

facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."

*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted). Additionally, "[c]ourts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). Here, the pertinent issues are whether there was undue delay in filing the Motion to Amend and whether the proposed amended complaint would be futile.

In arguing that there was no undue delay in filing the Motion to Amend, Plaintiff explains that he "mistakenly omitted" Park from the original complaint. (Doc. 25) at 4. Moreover, Plaintiff argues that he timely filed the Motion to Amend within less than three months after the filing of the original complaint and within thirty days of the removal. Plaintiff's explanation for the delay, however, fails for several reasons. First, Plaintiff knew that he should have named Park as a Defendant when he filed the original complaint. In fact, Plaintiff had previously named Park in other complaints against the Hospital. (Doc. 60) at 8. Second, Plaintiff's awareness of facts prior to the filing of the original complaint upon which to sue Park does not constitute excusable neglect to justify the delay in seeking to add Park as a Defendant. *See Fed. Ins. Co.*, 823 F.2d at 387. Finally, some courts have determined that "'[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal [is] dilatory,' especially when a plaintiff knew of the potential defendant's role in the dispute when he filed the case in state court." *Anzures v. Prologis Texas I LLC*, 886 F.Supp.2d 555, 565 (W.D. Tex. 2012). That is the case here. For all of the above reasons, the Court concludes that Plaintiff engaged in undue delay in filing the Motion to Amend. Consequently, the Court will deny the

5

Motion to Amend to add Park as a Defendant on that basis. The Court, therefore, need not address the futility issues regarding the proposed claims against Park. Furthermore, having determined to deny the Motion to Amend and not add Park as a Defendant, diversity jurisdiction is not destroyed and this Court retains subject matter jurisdiction over this lawsuit.

*b. Terminating Community Health Systems Holding Corporation as a Defendant*

The Court finds it unnecessary to file an amended complaint to terminate Community Health Systems Holding Corporation as a Defendant. Instead, the Court directs the Clerk of the District Court to terminate Community Health Systems Holding Corporation as a Defendant, and instructs the parties to caption the case accordingly on any future filings with the Court.

IT IS ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 24) is granted, in part, in that the Clerk of the District Court is directed to terminate Community Health Systems Holding Corporation as a Defendant in this case.

_____
UNITED STATES DISTRICT JUDGE