IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA QUIMBEY, DECEASED, BY THE
PERSONAL REPRESENTATIVE FOR
THE WRONGFUL DEATH ESTATE,
JOHN FAURE,

    Plaintiff,

vs.                                                                           Civ. No. 14-559 KG/KBM

COMMUNITY HEALTH SYSTEMS, INC.,
COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,
COMMUNITY HEALTH INVESTMENT
COMPANY, LLC, TRIAD HEALTHCARE
CORPORATION, TRIAD HOLDINGS V, LLC,
TENNYSON HOLDINGS, LLC, LAS CRUCES
MEDICAL CENTER, LLC D/B/A MOUNTAIN
VIEW REGIONAL MEDICAL CENTER,

and

ACCOUNTABLE HEALTHCARE STAFFING,
INC., ACCOUNTABLE HEALTHCARE
HOLDINGS CORPORATION, MEDASSETS
WORKFORCE SOLUTIONS, RONALD LALONDE,

and

AFFILION, LLC AND DR. JOEL MICHAEL JONES,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter comes before the Court upon Community Health Investment Company, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Motion to Dismiss), filed on June 24, 2014. (Doc. 13). Plaintiff filed a response on August 8, 2014, in which he argues against the merits of the Motion to Dismiss and, in the alternative, seeks discovery to establish personal

jurisdiction over Defendant Community Health Investment Company, LLC (CHIC).  (Doc. 40).  CHIC filed a reply on August 29, 2014.  (Doc. 55).  Having reviewed the Motion to Dismiss and the accompanying briefs and exhibits, the Court grants the Motion to Dismiss and denies Plaintiff's request for jurisdictional discovery.

*I.  Background*

This is a wrongful death lawsuit arising from Gloria Quimbey's death in 2012 while a patient at Mountain View Regional Medical Center (Hospital), in Las Cruces, New Mexico.  Plaintiff is suing a physician, a nurse, the Hospital, and several companies associated with the Hospital, including CHIC.

*A.  CHIC's Evidence in Support of the Motion to Dismiss*

CHIC submitted a June 16, 2014, affidavit by Ben C. Fordham, senior vice president and chief litigation counsel for Defendant Community Health Systems Professional Services Corporation, which describes CHIC's business and how it relates to this lawsuit and the State of New Mexico.  Fordham attests that:

    1. CHIC is a Delaware limited liability company;

    2. CHIC is a holding company without any employees;

    3. CHIC does not operate any hospitals, including the Hospital;

    4. CHIC has no ownership interest in the Hospital;

    5. CHIC does not direct the actions of the Hospital's executives;

    6. CHIC has not entered into a partnership, joint enterprise or joint venture with the Hospital;

    7. the Hospital's patients do not pay CHIC;

8. CHIC and the Hospital maintain separate accounting records and banking relationships;

9. the Hospital is not a designated agent for CHIC nor is CHIC a designated agent for the Hospital;

10. the Hospital is not required to adopt any bylaws, policies, or procedures at the request of CHIC;

11. there is no overlap between CHIC's Board of Directors and the Hospital's Board of Trustees;

12. CHIC had no role in the care of Gloria Quimbey nor did CHIC make any representations to Gloria Quimbey;

13. the Hospital's personnel who cared for Gloria Quimbey are not agents of CHIC;

14. CHIC did not furnish the equipment used to treat Gloria Quimbey or other patients;

15. CHIC does not control any aspect of the Hospital's personnel, including the Chief Executive Officer or the Chief Nursing Officer;

16. CHIC "does not transact business in New Mexico;"

17. CHIC is not registered to do business in New Mexico;

18. CHIC does not have an appointed agent for service of process in New Mexico;

19. CHIC does not have an office or place of business in New Mexico;

20. CHIC has no real property or clients in New Mexico; and

21. CHIC does not advertise, market, or offer to sell services in New Mexico.

(Doc. 13-1).  Aside from Fordham's affidavit, CHIC admits in its Motion to Dismiss that it "does own stock in certain New Mexico corporations" and that it is "a parent company to certain [New Mexico] hospitals—none of which are involved in this lawsuit."  (Doc. 13) at 4 and 6.

### B.  *Plaintiff's Evidence in Support of Personal Jurisdiction*

Plaintiff attached to his response pages from Community Health Systems, Inc.'s website, a map from Community Health Systems Inc.'s 2013 Annual Report to Stockholders showing hospitals in New Mexico, and a United States Securities and Exchange Commission Registration Statement for "CHS/Community Health Systems, Inc.," a Tennessee entity.  (Doc. 40-1, 40-2, and 40-3).  In addition, Plaintiff attached excerpts from the 2013 Directory of Investor-Owned: Community Hospitals, Hospital Management Companies and Health Systems, Residential Treatment Facilities and Centers, and Key Management Personnel which lists "Community Health Systems" as a Tennessee management company and describes Community Health System's New Mexico hospitals, including the Hospital.  (Doc. 40-4).  Plaintiff also attached a website page from the United States Securities and Exchange Commission which lists Community Health Systems, Inc. as a Tennessee company providing general medical and surgical hospitals.  (Doc. 40-5).  Finally, Plaintiff attached a December 6, 2010, excerpt from Fordham's deposition testimony in an unrelated case in which he stated that CHIC owns 100% of the stock of Roswell Hospital Corporation, a New Mexico corporation.  (Doc. 40-7).

### C.  *Plaintiff's Affidavit in Support of Jurisdictional Discovery Request*

Plaintiff's counsel submitted an affidavit indicating that she served interrogatories and requests for production on all of Defendants.  (Doc. 40-8) at ¶ 2.  Counsel includes the interrogatories and requests for production in the affidavit which she states would be relevant and "helpful" to determining the Motion to Dismiss.  *Id.* at ¶¶ 3-5.  Counsel further indicates in the affidavit that depositions of each of the Defendants would provide information regarding the issue of personal jurisdiction over CHIC.  *Id.* at ¶ 6.  Plaintiff's request for jurisdictional discovery is both extensive and broad in nature.

*II. Discussion*

CHIC moves to dismiss Plaintiff's claims against it under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiff opposes the Motion to Dismiss and, in the alternative, seeks jurisdictional discovery.

    *A. Legal Standard*

Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the law of the forum, in this case, New Mexico. *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988) (citations omitted). The parties may present affidavits, depositions, answers to interrogatories, and similar evidentiary matters on a motion attacking jurisdiction, which the Court freely considers. *See Sunwest Silver, Inc., v. Int'l Connection, Inc.*, 4 F.Supp.2d 1284, 1285 (D.N.M. 1998); *Jones v. 3M Company*, 107 F.R.D. 202, 204 (D.N.M. 1984). The plaintiff has the burden of establishing personal jurisdiction over the defendant. *See Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir.1996). The plaintiff meets that burden at the pre-trial motion stage if he makes a *prima facie* showing that personal jurisdiction exists. *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010 (1985). The Court accepts the plaintiff's allegations in the complaint as true if the defendant does not contest them with affidavits or other materials, and resolves all factual disputes raised by conflicting affidavits in the plaintiff's favor. *Id*. at 733.

New Mexico applies a three-part test to determine whether personal jurisdiction lies over non-residents. The Court must determine whether: (1) the defendant committed an act or omission specifically set forth in New Mexico's long-arm statute; (2) the cause of action arises out of that act or omission; and (3) the defendant has sufficient minimum contacts to satisfy due

process concerns.  *Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 2002-NMSC-018, ¶ 8, 132 N.M. 312.  However, "'[t]he first and third step of this test have been repeatedly equated with the due process standard of minimum contacts,' removing the necessity of a technical determination of whether the non-resident committed an act enumerated by the long-arm statute." *Alto Eldorado Partnership v. Amrep*, 2005-NMCA-131, ¶ 30, 138 N.M. 607 (quoting *Santa Fe Techs., Inc. v. Argus Networks, Inc.,* 2002–NMCA–030, ¶ 13, 131 N.M. 772 (internal quotation marks and citation omitted)).  Hence, courts focus on the defendant's minimum contacts with New Mexico and the second step of the test.  *Id.* at ¶¶ 30 and 36.

Minimum contacts with the forum state may be established through either general or specific jurisdiction.  Both general and specific personal jurisdiction also require a showing that the exercise of jurisdiction would not "offend traditional notions of fair play and substantial justice."  *Id.* at ¶31.  Here, Plaintiff claims that the Court has general jurisdiction over CHIC.

### B.  Minimum Contacts:  General Jurisdiction

General jurisdiction requires a plaintiff to demonstrate that a defendant's contacts with the forum state were so pervasive as to confer personal jurisdiction by the continuous and systematic nature of the defendant's in-state activities.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1090-91 (10th Cir. 1998); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523,1532-33 (10th Cir. 1996).  In other words, the defendant's affiliations with the forum state must be "so 'continuous and systematic' as to render [it] essentially at home in the forum [s]tate."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011); *see also Rosenberg v. Deutsche Bank AG*, 2012 WL 1963356 (D. Colo.).  In general, a corporate entity's contacts are sufficiently continuous and systematic such that the entity is "at home" in

the forum state when the state forum is the entity's domicile, place of incorporation, or principal place of business. *See Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2853-54 (citation omitted). In assessing a corporation's contacts with a forum state, courts consider the following factors: "(1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements . . . or bank accounts; and (4) the volume of business conducted in the state." *Trierweiler*, 90 F.3d at 1533 (citing 4 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1069, at 348-55 (2d ed. 1987) (citing cases)).

Although CHIC admits it owns stock in New Mexico corporations and is a parent company to certain New Mexico hospitals, CHIC presents convincing evidence that CHIC is, nonetheless, not "at home" in New Mexico. To begin with, New Mexico is not CHIC's place of incorporation or principal place of business. CHIC is also not registered to do business in New Mexico, does not have a local office, does not offer services for sale in New Mexico, and does not advertise or market in New Mexico. Moreover, CHIC does not have an appointed agent for service of process in New Mexico and does not have any real property, clients, or employees in New Mexico.

Plaintiff attempts to controvert CHIC's evidence in two ways. First, Plaintiff provides documents which refer to either Community Health Systems, Inc. or to Community Health Systems, but do not mention CHIC. Those documents are not relevant to CHIC's contacts with New Mexico because, except for having a similar name, there is no indication that CHIC is affiliated with Community Health Systems, Inc. or with Community Health Systems. Second, Plaintiff notes that CHIC admits that it owns shares in New Mexico corporations and is the

parent company of New Mexico hospitals.  This fact alone does not confer personal jurisdiction under New Mexico law.  As CHIC correctly contends, even if a foreign parent corporation owns all of a New Mexico subsidiary corporation's stock, "jurisdiction over a subsidiary corporation does not of itself give a state judicial jurisdiction over the parent corporation…." *Jemez Agency, Inc. v. CIGNA Corp.*, 866 F. Supp. 1340, 1343 (D.N.M. 1994) (citation omitted).  Additionally, the "mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Id.* (citation omitted).  Nonetheless, the Court may properly invoke jurisdiction over a foreign parent company predicated on the acts of one of its subsidiaries if the parent company actually controls the subsidiary's day-to-day business decisions and disregards the subsidiary's corporate form.  *Weisler v. Community Health Systems, Inc.*, 2012 WL 4498919, *12 (D.N.M.).  Here, Plaintiff does not address whether CHIC controls the day-to-day business decisions of its New Mexico hospitals in disregard of their corporate forms.  Instead, Plaintiff contends that the Court should allow him to conduct wide-ranging discovery to "demonstrate the complex and interconnected workings of CHIC, its alleged ownership of New Mexico hospitals, or its precise role in Community Health's empire as it has [sic] connects, operates, and transacts business within the State of New Mexico."  (Doc. 40) at 9.

      The Court has broad discretion to allow parties to engage in discovery on factual issues raised in a motion to dismiss for lack of jurisdiction.  *Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.,* 385 F.3d 1291 (10th Cir. 2004); *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002).  The party seeking jurisdictional discovery bears the burden of showing that jurisdictional discovery is necessary.  *Breakthrough Management Group, Inc. v. Chukchansi Gold Casino and Resort,* 629 F.3d 1173, 1190 (10th Cir. 2010).  A party must support his request for jurisdictional discovery by more than a mere "hunch that it might yield

jurisdictionally relevant facts." *Id.* (quoting *Boschetto v. Hansing,* 539 F.3d 1011, 1020 (9th Cir. 2008)). As this Court has explained,

> the district court is not "required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim." Rather, discovery is meant to "allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." This means that before a court grants discovery, a plaintiff must first provide some reasonable allegations on which to base the pursuit of discovery.

*McManemy v. Roman Catholic Church of Diocese of Worcester*, 2 F. Supp. 3d 1188, 1195 (D.N.M. 2013) (citation omitted). Furthermore, a court abuses its discretion to deny a jurisdictional discovery request only if the denial prejudices a litigant. *Sizova,* 282 F.3d at 1326. Prejudice occurs where "pertinent facts bearing on the question of jurisdiction are controverted … or where a more satisfactory showing of the facts is necessary." *Id.* (quoting *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

Although Plaintiff generally desires to obtain discovery on CHIC's "alleged ownership of New Mexico hospitals," Plaintiff does not controvert Fordham's affidavit with any evidence. In other words, Plaintiff does not provide a "modicum of objective support" on which to base his request for discovery. Plaintiff's broad and far-reaching request for discovery demonstrates nothing more than an attempt to conduct a fishing expedition based on a hunch. Furthermore, since Plaintiff has not shown that any "pertinent facts bearing on the question of jurisdiction are controverted" or that "a more satisfactory showing of the facts is necessary," denial of Plaintiff's request for jurisdictional discovery will not prejudice Plaintiff. The Court also notes that a New Mexico state court judge already allowed Plaintiff's counsel to engage in discovery on the issue of personal jurisdiction over CHIC. (Doc. 40-9) at 1-3. Significantly, Plaintiff has not moved to supplement his response with the discovery presumably obtained in state court. In sum, Plaintiff has failed to carry his burden of demonstrating that he should be allowed to engage in

jurisdictional discovery. The Court, therefore, denies Plaintiff's request for jurisdictional discovery. Of course, if Plaintiff finds, in the regular course of discovery, facts showing a basis for personal jurisdiction over CHIC, he may move the Court to re-add CHIC as a Defendant.

The Court concludes that Plaintiff has failed to carry his burden of establishing a *prima facie* showing of general jurisdiction over CHIC and has, therefore, failed to demonstrate that this Court has personal jurisdiction over CHIC. Because this conclusion is dispositive, it is unnecessary for the Court to decide whether an exercise of personal jurisdiction over CHIC would "offend traditional notions of fair play and substantial justice."

IT IS ORDERED that

1. Defendant Community Health Investment Company, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 13) is granted;

2. Plaintiff's request for jurisdictional discovery is denied; and

3. Plaintiff's claims against CHIC will be dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE