IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GLORIA QUIMBEY, DECEASED, BY THE
PERSONAL REPRESENTATIVE FOR
THE WRONGFUL DEATH ESTATE,
JOHN FAURE,

       Plaintiff,

v.   CIV 14-0559 KG/KBM

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,
LAS CRUCES MEDICAL CENTER, LLC D/B/A
MOUNTAIN VIEW REGIONAL MEDICAL CENTER,

and

ACCOUNTABLE HEALTHCARE STAFFING,
INC., ACCOUNTABLE HEALTHCARE
HOLDINGS CORPORATION, MEDASSETS
WORKFORCE SOLUTIONS, RONALD LALONDE,

and

AFFILION, LLC AND DR. JOEL MICHAEL JONES,

       Defendants.

## ORDER FOLLOWING HEARING

**THIS MATTER** came before the Court for a hearing on November 4, 2016, on Plaintiff's Motion to Compel Discovery from Defendant Community Health Systems Professional Service Corporation ("PSC") (*Doc. 215*). Having reviewed the parties' submissions and the relevant law, and having heard arguments of counsel, the Court

stated on the record its rulings and its rationale, and it incorporates such rationale herein.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Plaintiff's Motion to Compel Discovery from Defendant PSC (*Doc. 215*) **is granted in part** as follows:

    a. With respect to Plaintiff's Request for Production 24, Defendant PSC must perform a complete search of electronic documents using the search term "Quimbey" and produce to Plaintiff any responsive documents.

    b. With respect to Plaintiff's Request for Production 27, Defendant PSC must produce to Plaintiff any responsive written reports that are available in paper (i.e. non-electronic) format for one year prior to Ms. Quimbey's death.

    c. With respect to Plaintiff's Request for Production 28, Defendant PSC must provide Plaintiff with a compilation of responsive information created from the broader compilation prepared by PSC from weekly volume reports submitted by the Defendant Las Cruces Medical Center, LLC and other hospitals.

    d. With respect to Plaintiff's Request for Production 29, Defendant PSC must prepare a log of calls and complaints made through the Compliance Hotline between December 2, 2010, and December 30, 2012, with redaction of patient identifiers and irrelevant information.

e. With respect to Plaintiff's Requests for Production 30 and 31, Defendant PSC must produce Las Cruces Medical Center's Strategic Plan for the year preceding Ms. Quimbey's death and must certify that there were no discussions regarding Ms. Quimbey or Las Cruces Medical Center reflected in PSC's Board Meetings during the 2010-2012 time period.

2. Plaintiff's Motion to Compel is **otherwise denied**.

3. Plaintiff's Second Motion to Extend Discovery Deadlines (*Doc. 231*) is granted, and the Court will enter a separate Amended Scheduling Order.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE