IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN FAURE, as Personal Representative
for the Wrongful Death Estate of
GLORIA QUIMBEY, Deceased,

               Plaintiff,

v.                                                                                         No. 14cv559 KG/KBM

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,
LAS CRUCES MEDICAL CENTER, LLC,
doing business as Mountain View Regional Medical
Center, ACCOUNTABLE HEALTHCARE
STAFFING, INC., ACCOUNTABLE HEALTHCARE
HOLDINGS CORPORATION, MEDASSETS
WORKFORCE SOLUTIONS, RONALD LALONDE,
AFFILION, LLC, and JOEL MICHAEL JONES, Dr.,

               Defendants,

and

LAS CRUCES MEDICAL CENTER, LLC,

               Cross Claimant,

v.

ACCOUNTABLE HEALTHCARE
HOLDINGS CORPORATION,
ACCOUNTABLE HEALTHCARE
STAFFING, INC., and MEDASSETS
WORKFORCE SOLUTIONS,

               Cross Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendant CHSPSC, LLC's ("Defendant

CHSPSC"), f/k/a Community Health Systems Professional Services Corporation, Motion for

Summary Judgment, filed October 28, 2016. (Doc. 246). Plaintiff John Faure ("Plaintiff"), as personal representative for the estate of Gloria Quimbey, filed a response on November 14, 2016, and Defendant CHSPSC filed a reply on December 1, 2016. (Doc. 266, 283). Defendant CHSPSC also submitted a Notice of Supplemental Authority Regarding CHSPSC, LLC's Motion for Summary Judgment on April 25, 2017, to which Plaintiff responded on May 2, 2017. (Docs. 381, 388). Having read the motions, the accompanying briefs, and relevant law, the Court GRANTS Defendant CHSPSC's Motion for Summary Judgment.

*I. Background*

This is a wrongful death lawsuit concerning the death of Gloria Quimbey ("Ms. Quimbey"). Plaintiff originally filed his Complaint for Wrongful Death, Negligence, Misrepresentation, and Punitive Damages ("Complaint") on May 9, 2014, in the First Judicial District Court of the State of New Mexico. (Doc. 1-1). Defendant Las Cruces Medical Center, LLC, d/b/a Mountain View Regional Medical Center ("MVRMC"), removed the case to this Court on June 17, 2014. (Doc. 1).

The Complaint alleges six counts. Count I is a wrongful death claim against all defendants under the New Mexico Wrongful Death Act, NMSA 1978, § 41-2-1 (Rep. Pamp. 1996). (Doc. 1-1) at 14. Count II is a negligence claim against Community Health Systems Professional Services Corporation and MVRMC Defendants (together, "CHS Defendants"). *Id*. at 14-20. Count III is a negligence claim against Accountable Healthcare Staffing, Inc., Accountable Healthcare Holdings Corporation, MedAssets Workforce Solutions, and Ronald Lalonde ("AHS Defendants"). *Id*. at 20-22. Count IV is a negligence claim against Affilion, LLC and Dr. Joel Michael Jones ("Affilion Defendants"). *Id*. at 22-24. Count V is a claim for negligent or intentional misrepresentation against CHS Defendants. *Id*. at 24-26. Finally, Count

VI is a claim for punitive damages against all defendants. *Id*. at 26. Defendant CHSPSC now moves for summary judgment on all claims against it.

*II. Standard of Review*

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). A dispute over a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

*III. Facts and Reasonable Inferences Viewed in the Light Most Favorable to Plaintiff*[1]

Defendant CHSPSC and MVRMC are parties to a Management Agreement, through which Defendant CHSPSC provides consulting services to MVRMC.[2] (Doc. 246-1) at 2, ¶ 6. The Management Agreement states that it creates a relationship of a principal (MVRMC) and agent (Defendant CHSPSC). *Id*. at 4. Defendant CHSPSC and MVRMC "expressly disclaim any intent to jointly form a partnership or to become joint venturers in the operation of

---

[1] Unless otherwise noted, the summary of material facts is undisputed.

[2] Defendant CHSPSC argues that the services it provides to MVRMC are "limited consulting services." (Doc. 246) at 2. Plaintiff argues that the services Defendant CHSPSC provides are not "limited." (Doc. 266) at 7. Considering the evidence in a light most favorable to Plaintiff, including the Management Agreement, the Court will not define Defendant CHSPSC's consulting services as "limited." (*See* 246-1) at 4-14.

[MVRMC] by virtue of the execution of [the Management] Agreement." *Id*. For its consulting work, Defendant CHSPSC receives a monthly management fee. *Id*. at 13.

Pursuant to the Management Agreement, Defendant CHSPSC agreed to (1) draft guidelines, policies, procedures, and other form documents; (2) help ensure that MVRMC is operated in accordance with compliance programs; (3) provide assistance in the identification, recruitment, and evaluation of management personnel; and (4) administer through an affiliate of a cash management program. *Id*. at 5-6. Defendant CHSPSC also makes several additional services available to MVRMC, including: (1) accounting; (2) acquisitions and development; (3) ancillary services; (4) clinical services; (5) tax services; (6) finance and treasury policies and procedures; (7) division operations; (8) health information management; (9) human resources; (10) information services; (11) legal services; (12) management care; (13) marketing; (14) materials management; (15) medical staff development; (16) operations and operations support; (17) patient finance services; (18) physician practice support; (19) quality and resource management; (20) revenue management; and (21) risk management, insurance, and employee safety. *Id*. at 6-9.

The Management Agreement specifically states that "[u]nder no circumstance's shall [Defendant CHSPSC] be responsible for any medical, clinical or professional matters. [Defendant CHSPSC] may, however, consult with [MVRMC], at [MVRMC]'s request, and make recommendations concerning such matters." *Id*. at 5. With regard to the case at bar, Defendant CHSPSC did not "make any clinical decisions" and was not involved in providing medical care to Ms. Quimbey. (Doc. 246-2) at 342:19-343:7; (Doc. 246-3) at 125:11-15. Defendant CHSPSC does not employ any of the MVRMC staff that treated Ms. Quimbey,

including Dr. Joel Michael Jones ("Dr. Jones") and Nurse Ronald Lalonde ("Mr. Lalonde").[3] (Doc. 246-1) at 8, ¶ 2.15; (Doc. 246-3) at 124:9-12; (Doc. 246-8) at 91:10-21. Per the Management Agreement, Defendant CHSPSC offered its services to help in the recruitment of physicians, but "the responsibility for verifying the credentials and the determination of what privileges, if any, to be granted to any physician . . . rest[ed] solely with [MVRMC's] medical staff and board of trustees." (Doc. 246-1) at 8, ¶ 2.15.

*IV. Discussion*

Defendant CHSPSC moves for summary judgment on all of Plaintiff's claims against it. Although Plaintiff brings several counts against Defendant CHSPSC in the Complaint, in his response to the Motion for Summary Judgment, Plaintiff alleges that he "need not demonstrate joint venture, an employment relationship, or negligent and intentional misrepresentation in order to establish that [Defendant] CHSPSC owed a legal duty to Mrs. Quimbey." (Doc. 266) at 13. Instead, Plaintiff alleges that "the duty owed here arises under ordinary negligence principles." *Id*. In the alternative, Plaintiff asks the Court to defer consideration of the Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(d). *Id*. at 2.

  a. *Duty Owed to Ms. Quimbey*

To prevail on a negligence claim under New Mexico law, a plaintiff must show the existence of a duty, a breach of that duty, which is based upon a standard of reasonable care, and that the breach was the proximate cause of plaintiff's injuries. *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43. The existence of a duty is a question of law for the court; whereas, proximate cause is generally a question of fact for a jury. *Id*. at ¶¶ 7-8 (internal

---

[3] Plaintiff admits these facts to the extent that Defendant CHSPSC did not employee staff members at the hospital. (Doc. 266) at 6-7. However Plaintiff denies that Defendant CHSPSC did not help hire staff. *Id*. (citing 266-10).

5

citations omitted). The determination of whether a duty exists is based on policy considerations, including "reference to legal precedent, statutes, and other principles of law." *Otero Cty. Hosp. Ass'n, Inc.*, 527 B.R. 719, 764 (Bankr. D.N.M. 2015) (quoting *Provencio v. Wenrich*, 2011-NMSC-036, ¶ 23 (internal quotation marks omitted)).

Plaintiff argues that Defendant CHSPSC owed Ms. Quimbey a duty based on ordinary negligence principles, specifically based on Defendant CHSPSC's "role, administrative responsibilities, and control at [MVRMC]." (Doc. 266) at 13. Plaintiff relies on *Otero* for the proposition that a "hospital management company 'owes a duty of care, consistent with its role, administrative responsibilities, and control, to ensure that the hospital implements and follows appropriate procedures to protect the health and safety of the hospital's patients.'" *Id.* at 14 (quoting 527 B.R. at 729-30).

*Otero* involved a lawsuit by hospital patients that were subjected to experimental back procedures against the hospital management company that provided non-medical administrative services to a hospital. *Otero*, 527 B.R. at 726. The Court determined to what extent the hospital management company could be held accountable to patients. *Id*. The agreement between the hospital management company and hospital in *Otero* included the hospital management company providing an "account executive team" that included onsite administrators consisting of a Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO"). *Id*. at 729. According to the agreement, the CEO was responsible for, among other responsibilities, "oversee[ing] the execution and performance of the administrative functions of the [h]ospital;" and "routinely communicat[ing] with the Board or a Board representative regarding the business and operational activity of the [h]ospital." *Id*. (internal quotation marks omitted).

The *Otero* Court found that, in general, the role of a hospital management company "in connection with a hospital employing, privileging, and supervising physicians is considerably narrower than that of the hospital." *Id*. at 766. However in the case of *Otero's* specific hospital management company, the Court was "not convinced that the role of a hospital management company charged with discharging the responsibilities of the hospital's [CEO] is so limited, nor its relationship with the hospital's patients so tenuous, that it owes no direct duty to patients." *Id*. The Court concluded that a hospital management company that is "retained to discharge the duties of the hospital's CEO and CFO and to provide other non-medical administrative services, owes a duty of care, consistent with its role, administrative responsibilities, and control." *Id*. at 767.

The case at bar is distinguishable from *Otero*. The Management Agreement between MVRMC and Defendant CHSPSC did not include a CEO. In finding a breach of duty, the *Otero* Court clearly stated that "the Court is relying on the role and responsibility of . . . [the] hospital management company charged with the responsibility of the CEO of a hospital." *Id*. at 774. The *Otero* Court did not, however, find that the management company liable for a breach of duty by virtue of its status as a management company. *Otero* does not support a finding by this Court that Defendant CHSPSC owed a duty to Ms. Quimbey, but supports the opposite finding. Defendant CHSPSC did not employ the heath care personnel involved in this case and did not have the type of control over MVRMC that creates a duty of care towards the patients at MVRMC. Therefore, because Defendant CHSPSC did not owe a duty of care to Ms. Quimbey, the Court will grant summary judgment on Plaintiff's negligence claims.

 b. *Plaintiff's Request to Defer Ruling Pursuant to FED. R. CIV. P. 56(d)*

Plaintiff asks the Court to defer ruling on the Motion for Summary Judgment if it is

7

inclined to grant the Motion. (Doc. 266). Plaintiff argues that the response to the Motion for Summary Judgment was due prior to the conclusion of discovery and Plaintiff was then waiting on production of discovery from Defendant CHSPSC. *Id*. at 15.

Rule 56(d) provides that:

[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

FED. R. CIV. P. 56(d).

In the Tenth Circuit, a party requesting additional discovery under Rule 56(d) must show by affidavit "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (quoting *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010)).

Plaintiff included the affidavit of attorney Caela Baker with the deferment request and outlined the discovery that Plaintiff sought from Defendant CHSPSC. (Doc. 266-14). Ms. Baker's affidavit identifies discovery documents Defendant CHSPSC was ordered to produce and topics which Plaintiff requests pursuant to a Rule 30(b)(6) deposition. (*See* Doc. 266-14). Plaintiff does not, however, identify any "probable facts" that Plaintiff maintains are unavailable and necessary. Indeed, Ms. Baker simply states that Plaintiff believes the evidence sought would "reveal critical information pertinent to [Defendant] CHSPSC's role at" MVRMC. *Id*. at 4. Rule 56(d) "may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Jensen v.*

*Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993. Plaintiff's Rule 56(d) affidavit does not identify probable facts. As a result the Court holds that the Rule 56(d) affidavit does not satisfy the requirements for obtaining relief under Rule 56(d). The Court will, therefore, deny Plaintiff's request to defer ruling on the Motion for Summary judgment.

*V. Conclusion*

In light of the foregoing, the Court grants Defendant CHSPSC's Motion for Summary Judgment.

IT IS ORDERED that Defendant CHSPSC, LLC's, f/k/a Community Health Systems Professional Services Corporation, Motion for Summary Judgment (Doc. 246) is GRANTED.

_____
UNITED STATES DISTRICT JUDGE