IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN FAURE, as Personal Representative
for the Wrongful Death Estate of
GLORIA QUIMBEY, Deceased,

        Plaintiff,

v.                                               No. 14cv559 KG/KBM

COMMUNITY HEALTH SYSTEMS
PROFESSIONAL SERVICES CORPORATION,
LAS CRUCES MEDICAL CENTER, LLC,
doing business as Mountain View Regional Medical
Center, ACCOUNTABLE HEALTHCARE
STAFFING, INC., ACCOUNTABLE HEALTHCARE
HOLDINGS CORPORATION, MEDASSETS
WORKFORCE SOLUTIONS, and RONALD LALONDE,

        Defendants,

and

LAS CRUCES MEDICAL CENTER, LLC,

        Cross Claimant,

v.

ACCOUNTABLE HEALTHCARE
HOLDINGS CORPORATION,
ACCOUNTABLE HEALTHCARE
STAFFING, INC., and MEDASSETS
WORKFORCE SOLUTIONS,

        Cross Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant MedAssets Workforce Solutions'

(Defendant MedAssets) Motion for Summary Judgment, filed October 31, 2016. (Doc. 252).

Plaintiff John Faure ("Plaintiff"), as personal representative for the estate of Gloria Quimbey

("Ms. Quimbey"), filed a response on November 17, 2016, and Defendant MedAssets filed a reply on December 1, 2016. (Docs. 270, 284). Having reviewed the motion, the accompanying briefs, and relevant law, the Court GRANTS Defendant MedAssets' Motion for Summary Judgment.

*I. Background*

This is a wrongful death lawsuit concerning the death of Ms. Quimbey. Plaintiff originally filed his Complaint for Wrongful Death, Negligence, Misrepresentation, and Punitive Damages ("Complaint") on May 9, 2014, in the First Judicial District Court of the State of New Mexico. (Doc. 1-1). Defendant Las Cruces Medical Center, LLC, d/b/a Mountain View Regional Medical Center ("Defendant MVRMC"), removed the case to this Court on June 17, 2014. (Doc. 1).

The Complaint alleges six counts. Count I is a wrongful death claim against all defendants under the New Mexico Wrongful Death Act, NMSA 1978, § 41-2-1 (Rep. Pamp. 1996). (Doc. 1-1) at 14. Count II is a negligence claim against Community Health Systems Professional Services Corporation ("Defendant CHSPSC") and Defendant MVRMC Defendant (together, "CHS Defendants"). *Id*. at 14-20. Count III is a negligence claim against Accountable Healthcare Staffing, Inc., Accountable Healthcare Holdings Corporation, Defendant MedAssets, and Ronald Lalonde (together, "AHS Defendants").[1] *Id*. at 20-22. Count IV is a negligence claim against Affilion, LLC, and Dr. Joel Michael Jones ("Affilion Defendants"). *Id*. at 22-24.

---

[1] Plaintiff originally alleged that the AHS Defendants were engaged in a joint venture or enterprise; but, conceded in his response to Accountable Healthcare Staffing, Inc., and Accountable Healthcare Holdings Corp.'s ("Accountable Defendants") Motion for Summary Judgment on Joint Venture and Punitive Damages that discovery did not support a claim for joint venture between Defendant MedAssets and Accountable Defendants. (Doc. 357) at 2.

Count V is a claim for negligent or intentional misrepresentation against CHS Defendants. *Id*. at 24-26. Finally, Count VI is a claim for punitive damages against all defendants. *Id*. at 26.

On August 2, 2016, Defendant MVRMC filed a crossclaim against AHS Defendants. (Doc. 197). Defendant MVRMC claims that AHS Defendants are liable for the alleged negligent acts of Nurses Ronald Lalonde ("Mr. Lalonde") and Penny Santi ("Ms. Santi"). *Id*. at 3. Defendant MedAssets now moves for summary judgment on all claims against it.

*II. Standard of Review*

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). A dispute over a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

*III. Facts and Reasonable Inferences Viewed in the Light Most Favorable to Plaintiff*[2]

Plaintiff includes Accountable Defendants, Defendant MedAssets, and Mr. Lalonde as a group and alleges that Accountable Defendants and Defendant MedAssets controlled "the hiring, training, placement, quality control and actions of staff they placed at MVRMC." (Doc. 24-1) at

---

[2] Unless otherwise noted, the summary of material facts is undisputed.

3

10, ¶¶ 34-35. Plaintiff specifically alleges that Defendant MedAssets was negligent in its medical care and treatment and failure to properly hire, train, and supervise its employees.

Defendant MedAssets negotiates contracts with suppliers and agencies for products and services on behalf of customers, such as CHS Defendants. (Doc. 252-2) at 2. Specifically, Defendant MedAssets negotiates contracts with staffing agencies and connects staffing agencies with customers, including hospitals. (Doc. 252-3) at 1. Defendant CHSPSC designated Defendant MedAssets as CHS Defendants' "agent for purchases of contingent staff through staffing agencies."[3] (Doc. 252-3) at 2. Defendant MedAssets also agreed to provide a "proprietary web-based workforce exchange application" that allowed CHS Defendants to "actively manage the ordering, fulfillment, and scheduling of contract labor." *Id*. Accountable Defendants sell services and entered into an agreement with Defendant MedAssets to sell its services to Defendant MedAssets' clients. (Doc. 252-2) at 2.

On June 6, 2010, Defendant MedAssets entered into agreements with the predecessors of Accountable Defendants, in which Defendant MedAssets agreed to negotiate on behalf of customers, such as Defendant CHSPSC. (Doc. 252-4) at 2, ¶ 1.3; (Doc. 252-5) at 2, ¶ 1.3. This agreement explicitly states that any staff worked for Accountable Defendants' predecessors, not Defendant MedAssets. (Doc. 525-4) at 3, ¶ 3.2; (Doc. 252-5) at 3, ¶ 3.2. None of Defendant MedAssets' employees or contractors provided medical care to Ms. Quimbey, and Defendant MedAssets did not employ Mr. Lalonde. *Id*. at 3, 4.

---

[3] Defendant MedAssets admits this fact, but notes that Defendant MedAssets was not designated as an "agent for hiring, selection, screening, training, credentialing, or supervision." (Doc. 284) at 4.

*IV. Discussion*

Defendant MedAssets moves for summary judgment on all claims against it by Plaintiff and cross-claimant Defendant MVRMC. Plaintiff alleges that Defendant MedAssets agreed to connect CHS Defendants to staffing agencies, including the predecessors of Accountable Defendants. (Doc. 270) at 2. By making these connections, Plaintiff maintains that Defendant MedAssets "had a duty of ordinary care to ensure, at the very least, that such agencies were taking basic steps to provide qualified staff members, especially considering that such nursing staff included traveling nurses." *Id*. In addition, Plaintiff claims that Defendant MedAssets "had a duty of ordinary care to ensure that [Defendant MedAssets was] not negatively influencing the staffing environment of MVRMC." *Id*. at 2-3.

To prevail on a negligence claim under New Mexico law, a plaintiff must show the existence of a duty, a breach of that duty, which is based upon a standard of reasonable care, and that the breach was the proximate cause of plaintiff's injuries. *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6. The existence of a duty is a question of law for the court; whereas, proximate cause is generally a question of fact for a jury. *Id*. at ¶¶ 7-8 (internal citations omitted). The determination of whether a duty exists is based on policy considerations, including "reference to legal precedent, statutes, and other principles of law." *Otero Cty. Hosp. Ass'n, Inc. v. Quorum Res., LLC.*, 527 B.R. 719, 764 (Bankr. D.N.M. 2015) (quoting *Provencio v. Wenrich*, 2011-NMSC-036, ¶ 23 (internal quotation marks omitted)).

Plaintiff states that Defendant MedAssets owed Ms. Quimbey a duty of ordinary care based on the principal-agent relationship between Defendant MedAssets and CHS Defendants.[4]

---

[4] Plaintiff originally appeared to base his claim against Defendant MedAssets on vicarious liability and alleged Defendant MedAssets employed Mr. Lalonde. (Doc. 284-1) at 4. However, in Plaintiff's response to the Motion for Summary Judgment, he states that Defendant

5

(Doc. 270) at 8. "An agent is a person who, by agreement with . . . the principal, represents the principal in dealings with third persons or transacts some other business, manages some affairs, or does some service for the principal . . . ." *Barron v. Evangelical Lutheran Good Samaritan Soc'y*, 2011-NMCA-094, ¶ 16 (quoting *Tercero v. Roman Catholic Diocese*, 2002-NMSC-018, ¶ 12) (internal quotation marks omitted). Defendant MedAssets does not dispute that it was CHS Defendants' "agent for purchases of contingent staff through staffing agencies." (Doc. 252-3) at 2. However, Defendant MedAssets disputes that it owed Ms. Quimbey a duty of care based on its role as an agent.

To impute a duty of care to Defendant MedAssets, Plaintiff relies on the determination in *Spencer v. Health Force, Inc*. that "liability for negligent hiring flows from a direct duty running from the employer to those members of the public whom the employer might reasonably anticipate would be placed in a position of risk of injury as a result of the hiring." 2005-NMSC-002, ¶ 10.

Plaintiff's reliance on *Spencer* is unavailing. That case involved the question of whether an employer owed a duty to disabled individuals that received care services from its employees. *Id*. at ¶ 8. The Court found that the employer owed a duty to its clients who received care from its employees based on both statute and common law. *Id*. at ¶ 19.

---

"MedAssets has been named in this suit because MedAssets' relationship with Accountable [Defendants] caused [Ms.] Santi and [Mr.] Lalonde to work at the hospital, and because of MedAssets' involvement in the staffing that occurred at" MVRMC. (Doc. 270) at 7-8.

The Court also notes that Plaintiff did not respond to Defendant MedAssets' request for summary judgment on vicarious liability or liability under an employment theory. Therefore, the Court deems all claims for vicarious liability or based on an employment theory abandoned and will dismiss the claims with prejudice. *See Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992) (stating failure to rebut defendants' arguments for summary judgment is fatal to plaintiff's claim).

The instant case does not involve a question of the responsibility of an employer for the actions of its employees. Instead, Plaintiff argues here that Defendant MedAssets as an agent is responsible for the negligence of its principal or another agent. Plaintiff fails to present the Court with any facts or law that supports this conclusion. New Mexico law provides that a principal may be liable for the actions of an agent, Plaintiff has not shown that an agent may be liable for actions of the principal or another agent. *See* UJI 13-402 NMRA. Plaintiff cannot rely upon mere allegations or denials of his pleadings to avoid summary judgment, but must present specific evidence sufficient to show a genuine issue of material fact. *Anderson*, 477 U.S. at 248; *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting *Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir. 1995)). Plaintiff fails to demonstrate that Defendant MedAssets owed a duty of care to Ms. Quimbey. As a result, the Motion for Summary Judgment is granted.

*V. Conclusion*

In light of the foregoing, IT IS ORDERED that Defendant MedAssets Workforce Solutions' Motion for Summary Judgment (Doc. 252) is GRANTED in that;

1. summary judgment is entered in favor of Defendant MedAssets on all Plaintiff's claims, and the claims are dismissed with prejudice; and

2. summary judgment is entered in favor of Defendant MedAssets on all Defendant MVRMC's cross-claims, and the claims are dismissed with prejudice.

IT IS FURTHER ORDERED that based on the dismissal of Defendant MedAssets, Defendant MedAssets' Motion for Summary Judgment on Punitive Damages Claims (Doc. 348) shall be terminated.

_____
UNITED STATES DISTRICT JUDGE