IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN FAURE, as Personal Representative
for the Wrongful Death Estate of
GLORIA QUIMBEY, Deceased,

        Plaintiff,

v.                                                                                                                                                               No. 14cv559 KG/KBM

LAS CRUCES MEDICAL CENTER, LLC,
doing business as Mountain View Regional Medical
Center, ACCOUNTABLE HEALTHCARE
STAFFING, INC., ACCOUNTABLE HEALTHCARE
HOLDINGS CORPORATION, and RONALD LALONDE,

        Defendants,

and

LAS CRUCES MEDICAL CENTER, LLC,

        Cross Claimant,

v.

ACCOUNTABLE HEALTHCARE
HOLDINGS CORPORATION, and
ACCOUNTABLE HEALTHCARE
STAFFING, INC.,

        Cross Defendants.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Accountable Healthcare Staffing, Inc., and Accountable Healthcare Holdings Corp.'s ("Accountable Defendants") Motion to Exclude Portions of John C. Stein, Jr., M.D.'s Expert Testimony Related to Accountable ("Motion to Exclude"), filed on February 27, 2017. (Doc. 345). Plaintiff filed a response on

March 16, 2017, and Accountable Defendants filed a reply on March 30, 2017. (Docs. 354, 364). Having read the Motion to Exclude, the accompanying briefs, and exhibits, the Court grants the Motion to Exclude.

*I. Background*

This is a wrongful death lawsuit concerning the death of Gloria Quimbey ("Ms. Quimbey"). Accountable Defendants move to exclude certain opinion evidence by Dr. John Stein, Jr. ("Dr. Stein").

Plaintiff intends to introduce the testimony of Dr. Stein to discuss the administration of tPA to Ms. Quimbey. tPA is a medication designed to dissolve blood clots. (Docs. 345-1, 345-2). In both his original and updated expert reports, Dr. Stein lists the evidence he considered in formulating his expert opinion. (Doc. 345-1) at 1, (Doc. 345-2) at 2-3. He next describes the chronology of events from the time Ms. Quimbey entered the Mountain View Regional Medical Center emergency room ("MVRMC ER") on December 11, 2012, to her death on December 12, 2012. (Doc. 345-1) at 1-2, (Doc. 345-2) at 4-5. Dr. Stein then discusses the administration of tPA in general and the use of tPA in this case. (Doc. 345-1) at 2-3, (Doc. 345-2) at 5-6. Finally, Dr. Stein states his conclusions. (Doc. 345-1) at 3, (Doc. 345-2) at 6. With regard to Accountable Defendants, Dr. Stein did not disclose any opinions in the original or updated expert reports. (*See* Docs. 345-1, 345-2).

*II. Standard of Review*

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of expert witnesses. Expert witnesses must provide a report that contains, among other requirements, "(i) a complete statement of all opinions the witness will express and the basis and reason for them; [and] (ii) the facts or data considered by the witness in forming them." FED. R. CIV. P.

26(a)(2)(B)(i)-(ii). Pursuant to Rule 26(a), a party may supplement expert reports, if the party discovers that a disclosure is "incomplete or incorrect" in a "material respect." *Id*. at 26(e)(1)(A).

*III. Discussion*

Accountable Defendants now move the Court to exclude Dr. Stein's testimony in which he asserts an opinion regarding Accountable Defendants. (Doc. 345) at 1. Accountable Defendants contend that the testimony should be excluded because (1) the opinions were not timely disclosed and (2) Dr. Stein's opinions are not based on knowledge about Accountable Defendants. (Doc. 345) at 2.

A. *Dr. Stein's Deposition Testimony*

Supplementation of expert reports is required under the Federal Rules of Civil Procedure in certain circumstances. Specifically, supplementation is required when a "party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A). With regard to the testimony of expert witnesses, this "duty to supplement extends both to information included in the report and to information given during the expert's deposition." *Id*. at 26(e)(2). Although the Rule requires supplementation,

> that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report. To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's own expert and virtually require new rounds of depositions.

3

*Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (quoting *Resolution Trust Corp. v. Gregory*, No. CIV 94-0052 (D.N.M. 1995) (unpublished)).

The timeliness of updates to expert reports depends on the purpose of the updates. Expert reports "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must be disclosed "within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D)(ii). Here, Plaintiff's expert disclosure deadline was March 17, 2016, and subsequently extended to March 24, 2016, at which time Plaintiff timely served Dr. Stein's original expert report. (Docs. 85, 117, 125). Expert disclosures for all Defendants were due on April 25, 2016. (Doc. 117). On September 27, 2016, Plaintiff served an updated expert report written by Dr. Stein. (Doc. 345-2). Neither the original nor the updated expert report contained any opinion regarding Accountable Defendants. In response to an inquiry from Accountable Defendants, Plaintiff's counsel stated that they did "not anticipate that Dr. Stein [would] be offering any additional opinions beyond those disclosed in his report." (Doc. 345-3). However, during his deposition on January 10, 2017, Dr. Stein disclosed opinions regarding Accountable Defendants. (Doc. 345-4). Plaintiff admits that the Dr. Stein's opinion regarding Accountable Defendants was untimely and violated Rule 26(a)(2).

B. *Violation of Rule 26(a)(2)*

The Court must address a violation of Rule 26(a)(2) pursuant to Rule 37(c), which states: if a party fails to provide information pursuant to Rule 26(a), "the party is not allowed to use that information . . . to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Court has the broad discretion to determine if a violation is justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In the exercise of its discretion, "[a] district court need not make

explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id*. However, the Tenth Circuit has identified four factors to determine if a failure to disclose was substantially justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id*. (citing *Newman v. GHS Osteopathic Inc.*, 60 F.3d 153, 156 (3d Cir. 1995)).

1. *Prejudice or Surprise to Defendants*

Plaintiff argues that Accountable Defendants are not prejudiced by Dr. Stein's untimely testimony because Plaintiff has always asserted that Accountable Defendants failed to appropriately train and assess Mr. Lalonde's competency. (Doc. 354) at 4. Further, Plaintiff contends that Defendant MVRMC's expert testified on January 4, 2017, that Accountable Defendants had a duty to investigate Mr. Lalonde's competency and failed to do so. *Id*. Plaintiff states that based on this deposition, Accountable Defendants cannot assert prejudice or surprise. *Id*.

"The type of prejudice that rises to the level of warranting the exclusion of a witness's testimony . . . is the inability of the opposing party to fully litigate the case and defend against the new testimony." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1255 (10th Cir. 2011).

Here, Dr. Stein did not disclose an opinion about Accountable Defendants until his deposition, which occurred approximately ten months after his original expert report was filed. Dr. Stein testified that he did not express any opinions about Accountable Defendants because he was "not sure [he] understood anything about Accountable" Defendants at the time he submitted

5

his report. (Doc. 345-4) at 151:15-20. Dr. Stein stated he based his new opinion on information he learned from the attorneys at the deposition. *Id*. at 152:8-14.

Because Dr. Stein did not formulate an opinion about Accountable Defendants at his deposition, nothing in Dr. Stein's original or updated expert report put Accountable Defendants on notice that Dr. Stein believed they were liable for Ms. Quimbey's death. The Rules seeks to eliminate this type of harm. The purpose of filing "written reports in a timely fashion is the 'elimination of unfair surprise to the opposing party and the conservation of resources.'" *Sage-Allison v. Novartis Pharm. Corp.*, Civ. No. 07-25 KG/ACT, 2013 WL 12157868, at *11 (unpublished) (citing FED. R. CIV. P. 26(a)(2); *Leviton Mfg. Co., Inc. v. Nicor, Inc.*, 245 F.R.D. 524, 531 (D.N.M. 2007)). Similarly, although Plaintiff alleged in the Complaint that Accountable Defendants failed to properly train Mr. Lalonde, nothing in Dr. Stein's expert reports put Accountable Defendants on notice that Dr. Stein would testify that Accountable Defendants failed to train Mr. Lalonde.

Plaintiff argues that Accountable Defendants were on notice because Defendant MVRMC's expert testified that Accountable Defendants had a duty to investigate Mr. Lalonde. This argument is not persuasive. That expert's opinion does not lessen the surprise and prejudice to Accountable Defendants of Dr. Stein's new opinions at his deposition. Accordingly, the Court finds that Defendant is prejudiced by the untimeliness of Dr. Stein's testimony. This factor weighs in favor of finding the untimely disclosure is not substantially justified.

*2. Ability of Defendants to Cure the Prejudice*

Plaintiff maintains that Accountable Defendants had the opportunity to cure any prejudice when Accountable Defendants deposed Dr. Stein. (Doc. 354) at 4. However, Accountable Defendants could not prepare properly to depose Dr. Stein because they did not learn about Dr. Stein's new opinion until they began to question him at the deposition.

Additionally, failure to comply with a scheduling order is not "excused simply because the expert was available for a deposition." *Beller*, 221 F.R.D. at 694 (citing *Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277 (8th Cir. 1995)). "[T]o rule otherwise would frustrate the purpose of the [ ] rule, which is the 'elimination of unfair surprise to the opposing party and the conservation of resources.'" *Id*. (quoting *Sawdon*, 47 F.3d at 284). The purpose of Rule 26(a) is to ensure finality for expert reports so that the Court may set appropriate case management deadlines and so that parties do not continue to supplement and modify opinions in an effort to circumvent the full disclosure requirement of Rule 26(a). *Id*. at 695. The Tenth Circuit states "[t]he orderly conduct of litigation demands that expert opinions reach closure." *Miller v. Pfizer*, 356 F.3d 1326, 1334 (10th Cir. 2004). Based on this analysis, the second factor weighs in favor of finding the untimely testimony is not substantially justified.

*3. The Extent to Which the Opinion will Disrupt Trial*

The Court has not set the trial date in this case. However, discovery has closed and the parties filed their Proposed Pretrial Order on May 18, 2017. (Doc. 404). Dr. Stein's untimely testimony has disrupted the Court's case management due to the parties' extensive motion practice. Therefore, the Court finds that the third factor weighs in favor of finding the untimely report is not substantially justified or harmless.

*4. Bad Faith or Willfulness*

Accountable Defendants do not accuse Plaintiff of bad faith. (Doc. 364) at 4. And the Court agrees that there is no evidence of Plaintiff's bad faith or willfulness. Accordingly, the fourth factor weights in favor of finding the report is substantially justified or harmless.

*IV. Conclusion*

The untimeliness of Dr. Stein's testimony caused prejudice to Accountable Defendants because they were unaware that Dr. Stein had an opinion regarding their practices. The rules were specifically enacted to prevent this type of prejudice and to set clear guidelines for the parties to follow. Thus, in this circumstance, prejudice cannot be cured simply by taking a deposition. Additionally, the untimeliness of the report disrupted the case management deadlines in this case. Considering the totality of the factors, the Court finds that the report is not substantially justified or harmless and therefore grants Accountable Defendants' Motion to Exclude Portions of John C. Stein, Jr., M.D.'s Expert Testimony Related to Accountable Defendants.

_____
UNITED STATES DISTRICT JUDGE